UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS COOPER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PIZZA PLUS PROPERTIES, INC.,<br><br>　　　　Defendant. | Case No. 5:23-cv-01594-SB-SHK<br><br>ORDER TO SHOW CAUSE RE SANCTIONS |

　　　Plaintiff Dennis Cooper filed this lawsuit on August 9, 2023, against Defendant Pizza Plus Properties, Inc., alleging violations of the Americans with Disabilities Act and Unruh Act.  Dkt. No. 1.  Plaintiff is represented by Jason J. Kim, who is designated as the lead attorney on the docket.  The Court dismissed Plaintiff's Unruh Act claim on August 30.  Dkt. No. 12.  Plaintiff served Defendant (Dkt. No. 13), and Defendant did not answer.  Plaintiff requested entry of default, Dkt. No. 14, which the Court granted on October 30, Dkt. No. 15.  The Court ordered Plaintiff to file his motion for default judgment by November 7.  Dkt. No. 16.  On November 3, Plaintiff filed a notice of voluntary dismissal under Rule 41.

　　　The dismissal failed to disclose that two weeks prior to the filing of this lawsuit, the same Plaintiff, Dennis Cooper, represented by the same attorney, Jason J. Kim, had filed what appears to be the same lawsuit against the same Defendant in the same district.  *See Cooper v. Pizza Plus Properties, Inc.*, No. 5:23-cv-01495-SSS-JPR.  The lawsuits appear materially identical, except for the description of the business[1] and the addition of two subparagraphs in this case describing

---

[1] The case before Judge Sykes (No. 5:23-cv-01495-SSS-JPR) refers to Defendant as a "bottled water supplier business establishment," while the case before this Court refers to Defendant as a "restaurant business establishment." Dkt. No. 1 ¶ 13(c)-(d).

additional parking accommodation violations. Dkt. No. 1 ¶ 13(c)-(d). In the other case, like in this one, Plaintiff served Defendant and moved for entry of default. But in the other case, the Unruh Act claim has not been dismissed, default has not been entered, and the case is ongoing.

The Court retains jurisdiction over collateral matters after a case is voluntarily dismissed. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990) ("It is well established that a federal court may consider collateral issues after an action is no longer pending."). Under Federal Rule of Civil Procedure 11, an attorney who files a pleading represents that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . . [the pleading] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b). A court may order a party to show cause why its conduct has not violated Rule 11(b). Fed. R. Civ. P. 11(c)(3). Additionally, under the California Rules of Professional Conduct, an attorney owes a duty of candor to the court and competence to his clients. California Rules of Professional Conduct 1.1 (competence), 3.3 (candor).

The filing of two virtually identical lawsuits is improper—and if done mistakenly, the filing party should at least explain the mistake upon dismissal. Here, Plaintiff voluntarily dismissed this case without explanation, and he did so after this Court issued an adverse ruling.[2] Plaintiff's conduct raises questions. The filing of a lawsuit is not a casual matter, and lawyers who pursue this serious undertaking have a solemn responsibility under Rule 11 to ensure that the filing is warranted. Plaintiff is represented by the same lawyers, and the same lawyer—Jason J. Kim, signed both complaints within two weeks of each other. Either Kim was unaware that he had signed virtually the same complaint days earlier, or he had a strategic purpose in mind. The former possibility raises a question about whether Kim is performing his professional responsibilities properly; the latter possibility raises additional issues of candor.

Plaintiff's counsel is ordered to show cause, in writing, no later than December 15, 2023, why he should not be sanctioned under Rule 11 for his

---

[2] Plaintiff also filed proof of service in both cases. If the information in those documents is accurate, Plaintiff served the same defendant with two virtually identical complaints on two different days.

conduct.  Kim is ordered to appear in person for a hearing on this order to show cause on December 19, 2023, at 8:30 a.m. in Courtroom 6C.

Date: December 11, 2023

Stanley Blumenfeld, Jr.
United States District Judge